IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2013 Session

## STEIN HOLDINGS, INC. v. GOENSE BOUNDS MANAGEMENT, LP, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-092000      Kenny W. Armstrong, Judge

No. W2012-01954-COA-R3-CV - Filed September 27, 2013

The trial court granted Defendants' motion to dismiss Plaintiff's claims for breach of contract, breach of fiduciary duty, fraudulent concealment, aiding and abetting breach of contract, common law tortious interference, statutory interference, and civil conspiracy. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

John J. Heflin, III, Kenneth P. Jones, Memphis, Tennessee, for the appellant, Stein Holdings, Inc.

David Wade, Andrew R. Gardella, Memphis, Tennessee; Barry S. Rosen, Michael S. Leib, Marina C. Santini, Chicago, Illinois, for the appellees,  Goense Bounds Management, LP, Goense Bounds & Partners, LLC, EDG/SW Investors, LLC, SW OLDCO, LLC F/K/A Stein World, LLC, EDG/SW Acquisition, LLC, EDG/SW Holdings, LLC, SW Parent, LLC and EMESS/Stein Holding Corp., Inc.

David Wade, Andrew R. Gardella, Memphis, Tennessee; Barry S. Rosen, Michael S. Leib, Marina C. Santini, Chicago, Illinois, for the appellees,  Mark Bounds and John Goense.

J. Kimbrough Johnson, Memphis, Tennessee; Amy G. Doehring, Erin C. Arnold, Chicago, Illinois, attorneys for the appellee, Lincoln International Advisors, LLC.

Glen G. Reid, Jr., Odell Horton, Jr., Joseph B. Reafsnyder, Memphis, Tennessee, for the appellees, Wingate Partners, LLC, Wingate Partners, IV, LP, Stein World Holdings, Inc. (DE), Stein World Operating Company (DE), Stein World Holdings, Inc., (TN), Stein World Operating Company Corporation (TN), Jason Reed, Richard Olmeda, and Judy Williamson

Zachary T. Fardon, Chicago, Illinois, for the appellees, General Electric Capital Corporation, Dymas Funding Company, LLC, Dymas Capital Management Company, LLC, Antares Captial Corporation, and Renee Rempe and Kenneth Leonard in their Representative and Individual Capacities.

## MEMORANDUM OPINION[1]

This appeal arises from dismissal of Plaintiff's September 2009 58 page complaint asserting eleven claims against twenty-six Defendants. Plaintiff Stein Holdings, Inc. ("Stein Holdings")[2] is a Tennessee Corporation. Prior to June 2004, it conducted business as Stein World, Inc., a distributor of accent furniture. This lawsuit arises from Stein Holdings' sale of Stein World to Stein World Holdings, Inc. ("Stein World.") a Delaware corporation formed by a group led by Defendants Goense Bounds Management, LP; Goense Bounds & Partners, LLC; EDG/SW Investors, LLC, Mark Bounds (Mr. Bounds) and John Goense (Mr. Goense; collectively, the "GB Parties"). Stein Holdings transferred its assets in Stein World in exchange for cash, a promissory note, and a stake in EDG/SW Holdings, LLC ("EDG/SW Holdings"). The 2004 transaction incurred a substantial debt load. One year later, the debt was in default and the GB Parties formulated a plan which the parties refer to as the 2005 Salvage Plan. The Salvage Plan included refinancing, subordinated debt, and corporate restructuring. Defendants General Electric Capital Corporation ("GE Capital"), Dymas Funding Company, LLC ("Dymas Funding"), Dymas Capital Management Company, LLC ("Dymas Capital"), and Antares Capital Corporation ("Antares"), and two other institutions, together loaned Stein World $39 million on a secured basis. Stein Holdings' claims in this lawsuit arise from the 2005 restructuring, subsequent reorganizing of Stein World and its assets, and eventual 2008 foreclosure sale of the assets of Stein World/GB.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Stein Investments, LLC and AMS Investments, LLC also asserted claims in the 2009 complaint, which they subsequently voluntarily dismissed. Stein Holdings is thus the sole Appellant in this matter.

In its September 2009 complaint, Stein Holdings asserted that it had comprehensive contractual rights to approve actions taken by Stein World/GB and affiliates, and that Defendants had entered into written and oral agreements among themselves with the intent to circumnavigate Stein Holdings' rights. It further asserted that, in contravention of Stein Holdings' rights, "[a]t the heart of Defendants' scheme, the Defendants . . . orchestrated a 'going concern' sale of Stein World/GB assets to Stein World/Wingate in the form of a 'foreclosure sale.'" Stein Holdings alleged that, as a result of Defendants' actions, it suffered monetary and property value losses.

In December 2009 and January 2010, Defendants filed motions to dismiss for failure to state a claim. After extensive briefing and proceedings, the trial court granted Defendants' motions to dismiss on all but three claims. Stein Holdings subsequently nonsuited the three remaining claims, and this appeal ensued.

## *Issues Presented*

The issue presented for our review is whether the trial court erred by dismissing Stein Holdings' claims for breach of contract, breach of fiduciary duty, fraudulent concealment, aiding and abetting tortious conduct, statutory and common law tortious interference with contract, and conspiracy for failure to state a claim.

## *Standard of Review*

It is well-settled that "[a] motion to dismiss for failure to state a claim for relief challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012)(citation omitted). A motion to dismiss for failure to state a claim "admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief." *Id*. When considering a motion to dismiss, the "courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. Additionally, courts must give effect to the substance, rather than the form or terminology of a pleading." *Id*. (citations and internal quotations omitted). We review a trial court's adjudication of a motion to dismiss for failure to state a claim *de novo* without a presumption of correctness. *Id*. at 463.

When a trial court considers matters outside of the pleadings, a motion to dismiss is converted to a motion for summary judgment. *E.g., Adams TV of Memphis, Inc. v. ComCorp of Tenn., Inc.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). We review a trial court's award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in

that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

### *Discussion*

We begin our discussion by observing that the parties dispute whether the trial court considered matter outside the pleadings so as to convert Defendants' motions to dismiss to motions for summary judgment. Upon review of the trial court's order, we observe that the trial court stated that its order was one granting all of Defendants' motions to dismiss, and predicated dismissal on the fact that the secured lender Defendants did not owe a fiduciary duty to Stein Holdings and had "every right to conduct their private foreclosure sale." The trial court stated,

> In that there is no dispute here that the parties' loan was in default, and the Court having found the private sale to be lawful, there is no legal basis for the Plaintiff's breach of fiduciary duty claim, breach of consent rights claim, fraudulent concealment claim, civil conspiracy claim, aiding and abetting breach claim, or the tortious interference claims. Accordingly, the Defendants' Motions to Dismiss these claims are hereby granted.

The trial court's judgment, as we perceive it, was based entirely on the undisputed fact that the parties' loan was in default, and that foreclosure by the secured lenders was therefore not wrongful. The fact of the foreclosure is included in Stein Holdings' complaint. The complaint asserts that the foreclosure sale was "the heart of Defendants' scheme[.]" Additionally, Stein Holdings did not allege in its complaint that the foreclosure itself was conducted in an improper way. Rather, the summation of Stein Holdings' claims, as we understand them, is that the GB/Stein World Defendants breached consent provisions contained in their agreements with Stein Holdings, and that the remaining Defendants conspired to permit them. The trial court appears to have concluded that, because Stein Holdings did not assert that the foreclosure process itself was wrongful with respect to actions taken by the secured lenders, Stein Holdings' breach of contract and tort claims against the remaining Defendants must necessarily fail. For the purposes of the judgment,

-4-

the trial court does not appear to have considered anything other than the undisputed facts contained in the complaint that the loan was in default and that the secured lenders accordingly foreclosed on the loan. We are satisfied that the proper review in this case is that applicable to a motion to dismiss. We accordingly turn to whether the trial court erred by dismissing Counts I, II, VI, VII, VIII, IX, X and XI of the complaint.

We begin by noting that the claims asserted by Stein Holdings, as we perceive them, relate not to the eventual foreclosure process per se, but to alleged acts of the Defendants that culminated in foreclosure. Count I of Stein Holdings' complaint asserted a breach of contract claim under the 2005 agreement against Stein World, Stein World Parent and the GB Defendants. In its complaint, Stein Holdings alleges multiple breaches of the consent provisions by the Stein World and GB Defendants. Viewing the complaint liberally in favor of Stein Holdings, we reverse dismissal of Count I of the complaint.

Count II asserts a claim against Stein World, the GB Defendants, and Defendants Emess/Stein Holding Corp., Inc. ("Emess") and EDG/SW Acquisition for breach of the 2007 agreement. Although Count II was less than artfully drafted, we are satisfied that, in light of the factual background provided in the complaint, Stein Holdings alleged sufficient facts to survive Defendants' motion to dismiss Count II. We reverse judgment in favor of Defendants with respect to Count II.

Count VI asserts a breach of fiduciary duty claim against the GB Defendants, EDG/SW Holdings/GB and EDG/SW Acquisition. Stein Holdings' claim, as we perceive it, is that the GB Defendants, including SW Parent/GB, Emess/Stein/GB and EDG/SW Acquisition GB and EDG/SW Holding/GB breached their fiduciary duty to Stein Holdings as a minority shareholder. In light of the totality of the complaint we are satisfied that Stein Holdings alleged sufficient facts to withstand Defendants' motion to dismiss Count VI, and accordingly reverse dismissal of the claim.

Count VII of Stein Holdings' complaint asserts a fraudulent concealment claim against the GB parties. In Count VII, Stein Holdings asserts that the GB parties formed Stein World/GB Holdings in order to facilitate the foreclosure sale to the Wingate Entitites. In short, it asserts that the GB Defendants engaged in fraud by acting in concert with the remaining Defendants to consummate the "transaction structured as a 'foreclosure' transaction at the request of the Wingate Entitites" and by concealing its relationship with the other Defendants. In light of the entirety of the complaint, we are satisfied that Stein Holdings asserted sufficient facts to withstand a motion to dismiss Count VII.

In Count VIII, Stein Holdings asserts a claim against all Defendants for "aiding and abetting" the alleged breach of contract and fiduciary by the GB Defendants. We must agree

with Defendants that, in Count VIII, Stein Holdings makes conclusory allegations that are unsupported by specific facts. Rather, the claim appears to assert a combination claim of conspiracy and tortious interference. To the extent the claim asserts tortious interference, we affirm dismissal of Count VIII. To the extent it asserts conspiracy, we believe the claim is properly merged into Count XI, which is more fully addressed below.

Counts IX and X assert common law and statutory tortious interference claims against all Defendants except the Stein World and GB Defendants. Stein Holdings' claims of tortious interference, as we understand them, are predicated on allegations that Defendants were aware of the consent provisions contained in Stein Holdings agreements with Stein World and the GB Defendants, and nonetheless participated in the foreclosure sale, thereby permitting the GB Defendants to breach their agreements with Stein Holdings. Stein Holdings alleges no facts to support actual interference in the mutual obligations between it and the GB Defendants. Rather, Stein Holdings appears to assert that the remaining Defendants had a duty to ensure that the GB Defendants did not breach the consent provisions contained in the agreements. We affirm dismissal of Counts IX and X.

Count XI asserts a civil conspiracy claim against all Defendants. In Count XI, Stein Holdings essentially asserts that all Defendants participated in acts designed to "unlawfully oppress Stein Holdings and to circumvent the Stein Consent Rights." In light of the totality of the complaint, we affirm dismissal of Count XI as it relates to the secured lenders. There are no factual allegations in this complaint to support a claim that the secured lenders foreclosed on the loan for any reason other than the fact that it was in default. In light of the factual allegations contained in the complaint with respect to the relationships between the various Defendants and the entirety of the alleged transactions, we reverse dismissal of Count XI with respect to the remaining Defendants.

### *Holding*

We affirm dismissal of the secured lender Defendants from this action. We also affirm dismissal of Counts VIII, IX, X and XI. Viewing the complaint liberally in favor of Stein Holdings, however, we reverse dismissal of Counts I, II, VI, and VII, and dismissal of Count XI with respect to all Defendants except the secured lenders. This matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed one-half to Appellees Goense Bounds Management, LP, Goense Bounds & Partners, LLC, Stein World Holdings, Inc., and Stein Holding Corp., Inc., and one-half to the Appellant, Stein Holdings, Inc., and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, J.

-6-